In re D.W. WALTERS ENTERPRISES, INC., Debtor.

No. 9:03–BK–15990ALP.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

July 14, 2005.

David W. Steen, David W. Steen, PA, Tampa, FL, for Debtor.

## ORDER ON DEBTOR'S OBJECTION TO CLAIM NUMBER 44 OF LODGE CONSTRUCTION INC.

(Doc. No. 381)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this confirmed Chapter 11 case of D.W. Walters Enterprises, Inc., (the Debtor) is an Objection to Claim No. 44 of Lodge Construction, Inc. (Lodge Construction) filed by the Debtor on March 25, 2005. It is the contention of the Debtor that Lodge Construction filed Claim No. 44 as an unsecured claim in the amount of $356,076.74; that the Debtor has disputed this claim in the Circuit and County Courts in and·for Lee County, Florida; and in the event Lodge Construction prevails in the above-mentioned litigations which is pending outside of this Bankruptcy Court, then the claim will be either totally disallowed, partially allowed, or allowed in its entirety in accordance with the results of the court order entered by the County and Circuit Courts.

The facts established by this record are without dispute and are summarized as follows:

Prior to the commencement of this Chapter 11 case of the Debtor, Lodge Construction was a senior contractor to the Debtor on six construction contracts in the Southwest Florida area (collectively, the Florida Projects). The Debtor was the site development, underground or utilities sub-contractor to Lodge Construction on all of the six Florida Projects. The basis for Lodge Construction's claim, and the Objection filed by the Debtor, arises from the six construction contracts entered into between the parties.

The Debtor and Lodge Construction entered into written contracts prior to the commencement of this Chapter 11 case (the Contracts). The Contracts between the parties were practically identical but for specific terms relative to each of the individual Florida Projects. Each of the Contracts contained a cross-default provision indicating that if the Debtor should default under one of the Contracts that would constitute an event of default under all the Contracts.

It is the Debtor's contention that a dispute arose between the parties as to services performed by the Debtor pre-petition on one of the Florida Projects. The Debtor contends that the initial dispute be-

tween the parties was as to whether the Debtor was behind on completing its contractual duties on the Transfer Station Project. The Debtor further contends that, based on the dispute, Lodge Construction, without the consent of the Debtor, entered into direct contracts with other sub-contractors and other suppliers that performed the work and/or that supplied the materials while the Debtor continued to perform under the Contract. In addition, the Debtor contends that it did not approve of the suppliers and sub-contractors that were hired by Lodge Construction and furthermore, the Debtor disputes whether Lodge Construction had a right to hire such sub-contractors and suppliers. Therefore, the Debtor contends that Lodge Construction breached the Contract.

It is Lodge Construction's contention that the Debtor had performed services pre-petition under five of the Contracts and was due money from Lodge Construction under those specific Contracts. Lodge Construction states that the amount due to the Debtor from Lodge Construction under those specific Contracts was $136,928.02. Lodge Construction further contends that the Debtor failed to fully perform services required on three of the Contracts, and after due notice required by the Contracts, the Debtor failed to perform work to complete the Florida Projects. Furthermore, Lodge Construction contends that it had overpaid the Debtor for work on one of the Florida Projects and, thereby, the total amount owed by the Debtor to Lodge Construction was $493,004.66. Consequently, Lodge Construction contends that the Debtor's deficient performance under three of the Contracts coupled with the receipt of the overpayment on one of the Contracts created a receivable in favor of Lodge Construction and against the Debtor and, therefore, Lodge Construction seeks a setoff in the amount of $356,076.64.

## PROCEDURAL BACKGROUND

The Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code on August 1, 2003. On October 1, 2003, Lodge Construction filed its Motion for Relief from Stay to permit setoff of the claims that Lodge Construction held against the Debtor against the claims that the Debtor held against Lodge Construction. (Doc. No. 78) On October 2, 2003, this Court entered its Order Denying Motion for Relief from Stay for failure to pay filing fees. (Doc. No. 79).

On October 8, 2003, Lodge Construction filed an Amended Verified Motion for Relief from Stay to Permit Setoff by Creditor, Lodge Construction, Inc., thereby seeking stay relief to set off the amount Lodge Construction claims the Debtor owes Lodge Construction. (Doc. No. 96). On October 24, 2003, the Debtor filed its Response to Amended Verified Motion for Relief from Stay to Permit Setoff by Creditor, Lodge Construction, Inc. The Debtor in its response admitted the existence of the Florida Projects, however, the Debtor denied the existence of the Contracts or work done by Lodge Construction and the Debtor and the bases for the setoff. (Doc. No. 112).

On December 9, 2003, this Court entered an Order Granting in Part and Deferring in Part Motion for Relief from Stay by Creditor Lodge Construction, Inc. (Doc. No. 160). This Court in its Order authorized Lodge Construction to immediately pay sub-contractors, material suppliers and vendors with which the Debtor contracted to perform services or supply materials to the Transfer Station Project. This Court further ordered that such payment and the setoff of those sums against the amounts owed by Lodge Construction to the Debtor under the project contract would constitute a violation of the automatic stay. In addition, this Court scheduled

a Final Evidentiary Hearing on Lodge Construction's Motion for Relief from Stay for March 3, 2004.

On February 18, 2004, the Debtor filed a Motion to Continue the scheduled hearing on Lodge Construction's Motion for Relief from Stay, which this Court Denied said Motion on March 4, 2004. Nonetheless, the hearing was continued until May 19, 2004. On April 29, 2004, the Debtor filed its second Motion to Continue Final Evidentiary Hearing regarding the Motion for Relief from Stay filed by Lodge Construction. On May 24, 2004, this Court entered an Order Granting the Debtor's Motion and continued the hearing until August 4, 2004, and this Court refused to extend the automatic stay beyond May 14, 2004. On May 26, 2004, this Court entered an Order which continued the confirmation hearing until the determination of the contested matter between the Debtor and Lodge Construction had been heard. Based on the Court's ruling of May 26, 2004, Lodge Construction filed its amended Proof of Claim, Claim No. 44, which is the matter at issue in this case.

On July 19, 2004, the Debtor filed an Application to Employ Joel W. Walters, Esquire, as Special Counsel (Mr. Walters). (Doc. No. 284) The Debtor sought to employ Mr. Walters to pursue collection efforts of monies owed to the Debtor by Lodge Construction in the County and Circuit Courts for Lee County. On August 25, 2004, this Court entered an Order Approving the Application to Employ Joel W. Walters, Esquire, as Special Counsel for DIP. (Doc. No. 306). On April 25, 2005, the Debtor filed three state lawsuits, two in The Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case Nos. 04–CA–3102 and 04–CA–3654, and one case was filed in the County Court of the Twentieth Judicial Circuit in a for Lee County, Florida, Case No. 04–CC–2855, naming Lodge Construction, Inc., and International Fidelity Insurance Company as defendants in all three cases. (Debtor's Composite Exhibit "A").

On August 3, 2004, this Court entered an Order Denying Lodge Construction's Motion to Lift Automatic Stay as Moot, indicating that this Court had been advised that Lodge Construction, in the absence of the stay, exercised its right of setoff and filed an amended Proof of Claim (Claim No. 44) reflecting such setoff. (Doc. No. 298). The Proof of Claim filed by Lodge Construction includes not only the payments to the sub-contractors, material suppliers, and/or laborers, which this Court allowed Lodge Construction to pay and set off in its Order entered on December 9, 2003. The Proof of Claim also reflects the amounts that Lodge Construction claims are due to Lodge Construction as a result of hiring additional contractors to complete the Florida Projects which Lodge Construction contends were left not completed by the Debtor, coupled with counterclaims which Lodge Construction has filed and are currently being litigated in the three above-mentioned State Court actions. The Debtor did not timely file a motion for rehearing or reconsideration with this Court, nor did the Debtor appeal this ruling.

On August 3, 2004, Lodge Construction filed a Notice of Removal seeking to remove one of the State Court actions to the United States District Court for the Middle District of Florida. On September 1, 2004, Lodge Construction filed its second Notice of Removal seeking to remove another State Court action to the United States District Court for the Middle District of Florida. On September 8, 2004, and on September 16, 2004, the Debtor filed two Motions to Abstain or, in the Alternative, to Remand asking this Court to remand these cases back to State Court pursuant to 11 U.S.C. § 1334.

(Doc. Nos. 322 and 314). On October 27, 2004, this Court entered its Orders Granting Motion to Abstain, or in the Alternative, to Remand to the Circuit Court of the Twentieth Judicial Circuit for Lee County, Florida. In its two Orders this Court remanded the two cases back to the State Court and abstained from exercising jurisdiction over the issues contained therein. (Doc. Nos. 324 and 325). On April 27, 2005, the United States District Court for the Middle District of Florida, Ft. Myers Division, entered an Order remanding the two cases back to State Court.

On November 5, 2004, Lodge Construction filed three motions: 1) Motion for Reconsideration or Rehearing on Order Granting Debtor's Motion to Abstain or Remand; 2) Motion to Set Claims Objection; 3) Motion to Set Hearing on Confirmation (Doc. Nos. 326, 327 and 328). On November 8, 2005, Lodge Construction filed two motions: 1) Motion to Set Claims Objection; 2) Motion to Set Hearing on Confirmation of Plan. (Doc. Nos. 329 and 330). This Court on November 29, 2005, entered an Order Granting Motion to Set Hearing on Confirmation (Doc. No. 337) and scheduled the confirmation hearing for January 6, 2005.

On December 15, 2004, this Court entered an Order Denying Motion for Reconsideration or Rehearing of Order Granting Debtor's Motion to Abstain or Remand. (Doc. No. 342). On December 22, 2004, this Court entered an Order Granting Motion Establishing Deadline for Filing Objections to Claims. (Doc. No. 345). The Court in its Order provided that the Debtor or any other interested party be required to file objections to claims no later than forty-five days from the date of the Confirmation Order entered in this Case. (Doc. No. 345). On February 9, 2005, this Court entered the Order Confirming the Chapter 11 Plan of Reorganization howev-

er, neither the Confirmation Order nor the Plan entered by this Court addressed Lodge Construction's claim nor the setoff provided in Claim No. 44.

On March 11, 2005, Lodge Construction filed a Motion to Modify or Clarify Confirmation Order entered by this Court to include a provision requiring the Debtor to segregate $356,076.69 pending the resolution of the State Court action between Lodge Construction and the Debtor. (Doc. No. 359). The Debtor did not object to the Motion to Modify or Clarify Confirmation Order. The Debtor on March 25, 2005, filed a Motion to Extend Time to File Objections to Claims for 30 days or until April 25, 2005. (Doc. No. 371). On the same date, the Debtor filed several objections to claims, including Objection to Claim No. 37 of Lodge Construction, Inc. (Doc. No. 378). The Debtor also filed Objection to Claim No. 44 filed by Lodge Construction. The Debtor in its objection indicated the basis for the objection was that the claim of Lodge Construction was being litigated in the Circuit and County Court of Florida pursuant to this Court's, and the District Court's prior Orders remanding the cases back to State Court and abstaining from exercising jurisdiction over the issues. (Doc. No. 379). On March 30, 2005, this Court entered its Order Granting Motion to Extend Time to File Objections to Claims until April 25, 2005.

██ On May 5, 2005, at the duly scheduled and noticed hearing on the Motion to Clarify or Modify Confirmation Order filed by Lodge Construction, this Court heard argument of counsel for the Debtor and for Lodge Construction. At the hearing, Lodge Construction's attorney advised the Court that he believed the Debtor had lost the right to object to the claim by default upon this Court's earlier Order Granting in Part Lodge Construction's Motion for

Relief from Stay. Lodge Construction further indicated to the Court that the claim should be allowed and that objection thereto was barred pursuant to the legal principle of *res judicata*. It is the Debtor's contention that one of the required elements of the legal principle of *res judicata* is that the matter has been previously determined by a court of competent jurisdiction on it merits. Therefore, the Debtor contends since the issues with respect to Lodge Construction's claim being liquidated have not yet been litigated and decided on its merits by a court of competent jurisdiction the doctrine of *res judicata* does not apply.

On May 16, 2005, this Court entered an Order Granting Lodge Construction, Inc.'s Motion to Clarify or Modify Confirmation Order. (Doc. No. 417). This Order provided that the Debtor immediately deposit the sum of $356,076.64 into the Trust Account of David Steen. In addition, the Order further provided that the said sum shall remain on deposit until this Court enters an order resolving the Debtor's objection to Lodge Construction's Amended Proof of Claim.

Based on the foregoing, this Court is satisfied that the applicability of *res judicata* and the Debtor's failure to object to the Motion to Lift Stay, which was heard, was not an adjudication of anyone's rights and, therefore, the doctrine of *res judicata* does not apply.

■ Additionally, this Court is satisfied that due to the pendency of the unliquidated breach of contract claims in which the Debtor filed three state lawsuits, two in The Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and one in the County Court of the Twentieth Judicial Circuit in a for Lee County, Florida, a tribunal should determine the amount of the claim and also determine the liquidated amount.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim No. 44 filed by Lodge Construction, Inc. (Doc. No. 381) be, and the same is hereby, overruled until this Court is able to determine the status of the State claims filed by the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that a Status Conference shall be held on *July 21, 2005*, beginning at *3:00 p.m.* at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, to determine the status of the Debtor's State litigation claims against Lodge Construction, Inc.